

LB: USAO2014R00454

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PWG 14 CR 0383 |
| | * | |
| FURMAN TROY, | * | (Hobbs Act, 18 U.S.C. § 1951(a); Using, |
| | * | Carrying, and Brandishing a Firearm |
| Defendant | * | During and in Relation to a Crime of |
| | * | Violence, 18 U.S.C. § 924(c); Aiding |
| | * | and Abetting, 18 U.S.C. § 2; Forfeiture, |
| | * | 18 U.S.C. § 981(a)(1)(C) and 924(d), |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INFORMATION

### COUNT ONE

The United States Attorney for the District of Maryland charges that:

On or about June 18, 2014, in the District of Maryland, the defendant,

**FURMAN TROY,**

did knowingly and unlawfully obstruct, delay and affect and attempt to obstruct, delay and affect commerce by robbery, as those terms are defined in 18 U.S.C. § 1951, in that the defendant did unlawfully take and obtain jewelry, U.S. currency, and other items from the person and presence of Victim 1 and Victim 2, the owner and an employee of T.C. Martin Jewelers, located at 30105 Three Notch Road, Charlotte Hall, Maryland, against the will of Victim 1, by means of actual and threatened physical violence.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT TWO

The United States Attorney for the District of Maryland further charges that:

On or about June 22, 2014, in the District of Maryland, the defendant,

**FURMAN TROY,**

did knowingly and unlawfully obstruct, delay and affect and attempt to obstruct, delay and affect commerce by robbery, as those terms are defined in 18 U.S.C. § 1951, in that the defendant did unlawfully take and obtain U.S. currency and controlled substances from the person and presence of Victim 3, an employee of the New Market Pharmacy, located at 29015 Three Notch Road, Mechanicsville, Maryland, against the will of Victim 3, by means of actual and threatened physical violence.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## COUNT THREE

The United States Attorney for the District of Maryland further charges that:

On or about June 22, 2014, in the District of Maryland, the defendant,

**FURMAN TROY,**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951, as set forth in Count Two of this Information, which is incorporated here.

18 U.S.C. § 924(c)
18 U.S.C. § 2

## FORFEITURE ALLEGATIONS

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 924(d), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction under this Information.

2. As a result of the offenses alleged in Counts One and Two of this Information, the defendant,

**FURMAN TROY,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, $19,987 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is proceeds obtained, directly or indirectly, as a result of such violations.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property, that is, $1,900.13.

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 924(d)
28 U.S.C. § 2461(c)

_____
Rod J. Rosenstein
United States Attorney

Date:  Augus15, 2014